# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARIELA URIBE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　Case No. 8:08-cv-2283-T-30TGW

**TUSCANY PRESERVE**
**DEVELOPMENT, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)3), or in the Alternative, for Transfer and Remand (Dkt. 5), and Plaintiff's Response to the same (Dkt. 10). Defendant also filed a Notice of Filing of Order Based on Identical Contract Language (Dkt. 6) attaching an Order by Judge Steven D. Merryday dismissing a case based on the same forum selection clause.[1] The Court, having considered the motion and opposition, and being otherwise fully advised, finds that the motion should be granted.

Defendant moves for dismissal pursuant to Rule 12(b)(3), Fed. R. Civ. P., asserting improper venue pursuant to the forum selection clause in the contract at issue. The forum selection clause provides that "[s]hould any litigation be commenced in regard to this

---

[1] The forum selection clause at issue in Judge Merryday's Order specifies Collier County, Florida, rather than the clause at issue here which specifies Polk County, Florida. All other language in the clause is identical.

contract, then same shall be adjudicated in the courts of Polk County, FL." Defendant argues that Plaintiff has contractually obligated herself to pursue any litigation arising out of the contract exclusively in the state court of Polk County, Florida (Dkt. 5 at 1). In response, Plaintiff argues that the forum selection clause is ambiguous and should be construed against the defendant to permit litigation in state or federal court whose jurisdiction encompasses Polk County (Dkt. 10 at 3).

"Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Surgical Outcome Support, Inc. v. Plus Consulting, LLC, 2008 U.S. Dist. LEXIS 65840 (S.D. Fla. July 30, 2008) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)) (internal citations omitted).

Plaintiffs failed to demonstrate how enforcement of the clause would be unreasonable under the circumstances. The Court does not find the venue clause at issue here to be ambiguous. The clause clearly requires any litigation arising out of the contract to occur in the state court of Polk County.

In addition, Plaintiff argues that the forum selection clause at issue is unenforceable because it violates the anti-waiver provision of the Interstate Land Sales Full Disclosure Act ("ILSFDA" or "the Act"), 15 U.S.C. §1712. This argument is erroneous. Plaintiff's misreads the ILSFDA to grant exclusive jurisdiction over claims under the Act to federal courts. In fact, the Act explicitly grants concurrent jurisdiction to state courts. 15 U.S.C. §1719. The Act states, in pertinent part:

"The district courts of the United States...shall have jurisdiction of offenses and violations under this title...*and concurrent with State courts*, of all suits in equity and actions at law brought to enforce any liability or duty created by this title.

15 U.S.C. §1719 (emphasis added).[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) is **GRANTED**.

2. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-2283.mtd.wpd

---

[2] Plaintiff also cited this statute but conveniently left out the phrase conferring concurrent jurisdiction on state courts. This Court will generously assume that the omission was unintentional.